IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WAUSAU SUPPLY COMPANY,

                      Plaintiffs,                  OPINION AND ORDER

  v.

                                                          13-cv-698-wmc

KELLIE MURPHY, EDMUND MANYDEEDS, III,
RYBERG LAW FIRM S.C., NEIL CZARNECKI, and
K.C.,

                      Defendants,

and

KELLIE MURPHY, NEIL CZARNECKI, A.B.,
C.D., and EDMUND MANYDEEDS, III,

                      Plaintiffs,

  v.                                                         13-cv-759-wmc

ERIE INSURANCE EXCHANGE, TAMARA J.
MILLIS, MICHAEL D. MILLIS, STATE
DEPARTMENT OF HEALTH SERVICES,
and WPS HEALTH PLAN, INC.,

                      Defendants.

---

      As indicated in the caption, this opinion concerns two consolidated actions. In the first action (No. 13-cv-698), plaintiff Wausau Supply Company seeks equitable relief as fiduciary of its employee's health plan in the form of an order to enforce the terms of that plan under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3). In the second action (No. 13-cv-759), plaintiffs Kellie Murphy, Neil Czarnecki, A.B., C.D. and Edmund Manydeeds, III (some of whom are defendants in the first action) seek to extinguish or otherwise dispose of a lien on plan assets held by WPS Health Plan, Inc. the former administrator of the plan. Before the court are a

number of motions, which can be grouped roughly into the following categories: (1) a motion to dismiss the first action ('698 dkt. #12) and a motion for remand the second action ('759 dkt. #2); (2) a motion to supplement the opposition to the motion to dismiss ('698 dkt. #25) and a motion to strike a declaration forming part of the proposed supplement ('698 dkt. #26); and (3) a motion to substitute the plaintiff in the first action ('698 dkt. #35). For the reasons that follow, the court will: deny the motions to remand and to dismiss; grant the motion to supplement and in-turn deny the motion to strike; and grant the motion to substitute the plaintiff in the first action. Finally, the court will sever the ERISA claim concerning disposition of the Plan's equitable lien from the other claims in the state court action and remand those unrelated state claims pursuant to 28 U.S.C. § 1441(c)(2).

BACKGROUND

On January 12, 2012, Kellie Murphy, Neil Czarnecki, A.B. a minor, C.D. a minor, and Guardian ad Litem Edmund Manydeeds III (for ease of reference, the court will refer to the plaintiffs collectively as "the Czarneckis") filed a lawsuit in state court in Jackson County, Wisconsin, for injuries and damages they claim to have sustained on January 13, 2010, as a result of the alleged negligence of defendants Tamara J. Millis and Michael D. Millis. The Millises operate a childcare business, and plaintiffs in the state court action alleges that their child (referred to as "K.C.") was injured while in the care of the Millises.

Following K.C.'s injury, WPS Health Plan, Inc. ("WPS"), by way of the Wausau Supply Company Employee Health and Welfare Benefit Plan (the "Plan"), paid medical

expenses in the amount of $525,797.34 on behalf of K.C. Plaintiffs named WPS in the state court action as a subrogated defendant pursuant to Wis. Stat. § 803.03(2)(a). (Compl. ('759 dkt. #1-3) ¶ 10.) In answering the complaint, WPS asserted a counterclaim asserting its subrogation rights against plaintiffs and cross-claims against all other defendants for recovery of its subrogation interest. (Affidavit of J. Drew Ryberg, Ex. B ('759 dkt. #3-2).)

On September 30, 2013, plaintiffs in the state court action settled their claims against the Millises and their insurer, defendant Erie Insurance Exchange. Shortly thereafter, plaintiffs filed a motion seeking "an order of the Court extinguishing the subrogation/reimbursement/first recovery claim asserted by subrogated defendant WPS in its pleadings dated February 20, 2012." (Not. of Removal, Ex. A ('759 dkt. #1-1) 2.) On October 21, 2013, plaintiffs filed an amended motion, removing any reference to "extinguishing" a lien, but still seeking "an order approving minor settlement as well as disposition of any potential claim by WPS seeking subrogation/reimbursement/first recovery." (Not. of Removal, Ex. B ('759 dkt. #1-2) 2.)

On October 31, 2013, WPS filed a notice of removal in this court seeking to remove plaintiffs' claim to "extinguish [WPS's] ERISA lien under: (1) a state law 'made-whole' theory; (2) a contractual theory based on the effect that stop loss insurance has on the Plan's subrogation and reimbursement language; and (3) an unconstitutional taking theory challenging the legality of WPS' reimbursement rights, which actions are completely preempted by the Employee Retirement Income Security Act of 1974, 29

U.S.C. §§ 1001 et seq. ('ERISA')." (Not. of Removal ('759 dkt. #1) ¶ 3.) Plaintiffs have filed a motion to remand this action to state court. ('Mot. to Remand ('759 dkt. #2).)

Also, on October 7, 2013, Wausau Supply Company, in its capacity as fiduciary of the Plan, filed an action in this court seeking reimbursement under the terms of the Plan, pursuant to ERISA, 29 U.S.C. § 1132(a)(3), among other claims, against the plaintiffs in the state court action and the Ryberg Law Firm, S.C, as trustee of the settlement fund. (Compl. ('698 dkt. #1).) Asserting many of the same arguments raised in their motion to remand, defendants in this action also filed a motion to dismiss Wausau Supply's complaint. (Mot. to Dismiss ('698 dkt. #12).)

In addition to these pending motions, Wausau Supply Company also seeks to substitute itself and its employee benefit plan as subrogated defendants in the removed action based on the termination of the administrative services agreement between Wausau Supply Company and WPS. (Mot. to Substitute ('759 dkt. #22).)

OPINION

I. Motion to Remand

Plaintiffs in the '759 action seek an order remanding the case to state court, asserting several, cursory bases for doing so: (a) the notice of removal is untimely; (b) the court lacks subject matter jurisdiction over this action because WPS is simply asserting ERISA preemption as a defense; and (c) none of the other defendants have joined in the removal. (Mot. to Remand ('759 dkt. #2).)

4

A. Timeliness of WPS's Notice of Removal

Title 28 U.S.C. § 1446(b)(3) provides:

> Except [for certain circumstances involving removal based on diversity of citizenship] as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

WPS contends that its notice of removal is timely because it is based on the "new claims raised by plaintiffs' post-settlement motion to extinguish WPS' subrogation/reimbursement/first recovery claim filed on October 4, 2013." (Defs.' Opp'n ('759 dkt. #9) 3.) WPS received a copy of the motion by facsimile on October 4, 2013, and by U.S. mail on October 7, 2013. Therefore, WPS maintains that its notice of removal was timely, having been filed on October 31, 2013, less than 30 days after the Czarneckis filed their motion to extinguish WPS's lien. In response, plaintiffs argue that *WPS* first raised a right to reimbursement in its own counterclaim against plaintiffs in the state court action on February 20, 2012, making WPS's notice of removal untimely. (Pls.' Reply ('759 dkt. #10) 2.)

As WPS describes in great detail in both their opposition to plaintiffs' motion to remand in the '759 case and in their opposition to defendants' motion to dismiss in the '698 case, WPS "waited until plaintiffs actually asserted an ERISA-based claim under § 502(a)(1)(B) before considering removal." (Def.'s Opp'n ('759 dkt. #9) 5.) Relying on case law from this court and the Eastern District of Wisconsin, WPS specifically argues that "[p]laintiffs' motion to extinguish changed the nature of their claims against

5

WPS by interjecting a claim under ERISA § 502(a)(1)(B) seeking to retain conditional benefits free and clear of the . . . Plan's lien." (*Id.* at 5 n.6.)

The fundamental problem with plaintiffs' position is that any earlier attempt by WPS to remove the state action -- whether after being named as a subrogated defendant and served with the complaint or at the time it filed its counterclaim -- would almost certainly have resulted in a remand by this court for lack of subject matter jurisdiction for the same reasons set forth in *Traynor v. O'Neil*, 94 F. Supp. 2d 1016 (W.D. Wis. 2000), and *Grusznski v. Viking Ins. Co.*, 854 F. Supp. 586 (E.D. Wis. 1994). In *Traynor*, this court remanded a personal injury case to state court, rejecting the plan's argument that plaintiff had asserted claims under ERISA by asserting that the plan's subrogation rights were subordinate to the plaintiff's recovery rights. In so holding, the court explained, "all plaintiffs have done is join a necessary defendant under state law and tip their hand as to what defenses they would raise if defendant asserts that its subrogation interest has priority over plaintiffs' interest. Raising a defense against a possible claim is not the same as asserting a claim." 94 F. Supp. 2d 1019. Similarly, in *Grusznski,* the court remanded a personal injury case to state court, on the basis that neither the complaint naming the employee-sponsored health care plan as a defendant nor the counterclaim asserted by the plan stated a claim under ERISA. As the court explained, "the fact that the case *may* require a determination and declaration of the Fund's subrogation claim is not enough to bring Grusznski's suit into federal court under ERISA." 854 F. Supp. at 587 (emphasis added). This is because the plaintiff named the Fund as a defendant, but was "seeking only a declaration of the Fund's subrogation interest" as required by *state* law. *Id.* at 588.

Moreover, the fact that WPS's subrogation counterclaim mentions "reimbursement" does not make it a claim cognizable under ERISA. "Unlike subrogation, which arises under state law and allows the insurer to stand in the shoes of its insured, reimbursement is a contractual right governed by ERISA and comes into play only after a plan member has received personal injury compensation." *Unisys Medical Plan v. Timm*, 98 F.3d 971, 973 (7th Cir. 1996). While WPS could pursue subrogation in state court, it "had no claim for reimbursement until after [the Czarneckis] settled the personal injury suit." *Id.*; *see also Sereboff v. Mid Atl. Med. Servs.*, 547 U.S. 356, 367 (2006) (describing how a plan's equitable lien comes into existence as soon as there is a "contract to convey"); *see also Diamond Crystal Brands, Inc. v. Wallace*, No. 1:07-CV-3172-JTC, 2010 WL 1525536, *7 (N.D. Ga. Feb. 11, 2010) ("Once the parties settled these claims for $900,000.00, the plan language created an equitable lien for the full amount of the medical bills the Plan paid on behalf of Deborah Hayes, which Plaintiff could enforce in equity pursuant to Section 503(a)(3) of ERISA.") (citing *Sereboff*).[1]

Finally, in an apparent attempt to avoid removal, the Czarneckis amended their motion in state court, removing reference to the word "extinguishing." Even if plaintiffs could "unring" that bell for purposes of triggering a right to remove, however, the amended motion still seeks to dispose of WPS's lien or right to recovery. (Not. of Removal, Ex. B ('759 dkt. #1-2) 2.) Regardless of the semantics, the Czarneckis' motion to dispose of any right of WPS to reimbursement of its medical payments constitutes a

---

[1] Having concluded that WPS's counterclaim did not -- and could not -- assert a federal claim, the court also rejects any argument based on waiver.

claim by a plan beneficiary under 29 U.S.C. § 1132(a)(1)(B), thus triggering a federal question and WPS's right to removal.

### B. Subject Matter Jurisdiction

The Czarneckis also argue that remand is warranted because "an ERISA defense does not vest jurisdiction in this court at this time as such jurisdiction depends on the claim, not a defense being asserted by WPS." (Mot. to Remand ('759 dkt. #2) 2 (citing *Primax v. Sevilla*, 324 F.3d 544 (7th Cir. 2003).) As described in detail above, however, the Czarneckis' motion to extinguish or otherwise dispose of WPS's lien asserts a claim under 29 U.S.C. § 1132(a)(1)(B). As such, removal of this action does not rest on WPS's assertion of a defense under ERISA, but rather on the Czarneckis' claim that the ERISA plan wrongfully sought reimbursement of previously paid health benefits. *See Levine v. United Healthcare Corp.*, 402 F.3d 156, 163 (3d Cir. 2005) ("Where, as here, plaintiffs claim that their ERISA plan wrongfully sought reimbursement of previously paid health benefits, the claim is for 'benefits due' and federal jurisdiction under section 502(a) of ERISA is appropriate."); *Singh v. Prudential Health Care Plan, Inc.*, 335 F.3d 278, 291 (4th Cir. 2003) ("Singh's claim to recover the portion of her benefit that was diminished by her payment to Prudential under the unlawful subrogation term of the plan is no less a claim for recovery of a plan benefit under § 502(a) than if she were seeking recovery of a plan benefit that was denied in the first instance."); *Arana v. Ochsner Health Plan*, 338 F.3d 433, 438 (5th Cir. 2003) (*en banc*) (holding that insured's claim to

have benefits free and clear of any claim by the defendant insurer constituted a claim under ERISA, 29 U.S.C. § 1132(a)(1)(B)).[2]

### C. Lack of Consent by Other Defendants

The Czarneckis finally challenge removal based on a lack of consent by the other defendants. Indeed, the other defendants filed objections to removal. ('759 dkt. ##5, 7.) However, the consent of nominal defendants is not required for removal purposes. *See Ryan v. State Bd. of Elections of State of Ill.*, 661 F.2d 1130, 1134 (7th Cir. 1981) ("[O]nly indispensable defendants are required to join in the petition for removal; the consent of nominal or formal parties is not necessary.") (internal citation and quotation marks omitted). "A defendant is nominal if there is no reasonable basis for predicting that it will be held liable." *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir. 1993), *abrogated on other grounds*, *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 539-50 (7th Cir. 2006). Here, defendants in the state court action, the Millises and their insurer have been released from liability for all claims in the Czarneckis' complaint. (Affidavit of J. Drew Ryberg ('759 dkt. #1-1) ¶ 2 ("The principal action involving plaintiffs versus Erie Insurance, Tamara J. Millis and Michael D. Millis has been resolved through mediation on September 30, 2013 . . . ; part of the understanding is that plaintiffs are to protect against any subrogation/reimbursement claim asserted by WPS."). Moreover, the

---

[2] This claim, cited by the Czarneckis, is readily distinguishable from that confronted by the Seventh Circuit in *Primax*. In that case, the *insured* claimed entitlement to the entire amount of its settlement award with no deduction for attorney's fees based on the common fund doctrine. The Seventh Circuit found this insufficient to constitute an equitable claim under ERISA. 324 F.3d at 547.

Department of Health Services has settled its claim with the Czarneckis. (Mot. for Leave to Suppl. ('759 dkt. #12) 2; *id.*, Ex. 1 (dkt. #12-1).) As such, none of the other defendants in the state court action have any basis for being held liable in plaintiffs' claim to extinguish WPS's lien, which is the only claim apparently remaining in the state court action.

Even if the other defendants had a material interest in the remaining issues in suit, section 1441(c)(2) provides a mechanism for severing and remanding any claim which does not fall "within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable." Under that provision, "[o]nly defendants against whom a claim [arising under federal law] has been asserted are required to join in or consent to the removal[.]" 28 U.S.C. § 1441(c)(2); *see also Thomas v. Shelton*, 740 F.2d 478, 483 (7th Cir. 1984) ("In a case with more than one defendant, the consent of all the defendants is necessary for removal under section 1441(a) but not for removal under 1441(c)."). Here, the Czarneckis' tort law claims against defendants the Millises and their insurer would appear to be sufficiently separate and independent from the federal law ERISA claim to fall outside of this court's subject matter jurisdiction. On this basis, WPS would be similarly relieved of the obligation to obtain the consent of its co-defendants to secure removal.

Plaintiffs have not filed a motion to sever and remand their state law claims against the Millises and their insurer or their claim under Wis. Stat. § § 803.03(2)(a) against the Department of Health Services. Indeed, this might well be required by § 1441(c)(2) unless this court were to exercise supplemental jurisdiction over any

10

remaining issues involving the nominal defendants. Since it is unclear that the exercise of supplemental jurisdiction would be appropriate here, the court will direct the parties to address: (1) whether the court should remand for lack of original or supplemental jurisdiction any remaining claims between them *other than* the Czarneckis' claim to extinguish WPS's lien, and Wausau Supply's claim seeking equitable relief under 29 U.S.C. § 1132(a)(3); and (2) if so, should the court order the Czarneckis to set aside $525,797.34 in an escrow account, pending determination by this court of the remaining dispute as to the Plan's interest in the settlement proceeds.

## II. Motion to Dismiss

In their own motion to dismiss, the Czarneckis ("defendants" in the '698 action,) principally argue that claim preclusion bars WPS from proceeding in federal court. There are several problems with this motion, including that claim preclusion only applies where a final judgment on the merits has been entered. *See, e.g.*, *Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014) (describing the three elements of claim preclusion, including "a final judgment on the merits in the first suit"). Even if a final judgment had been entered, federal courts have exclusive jurisdiction over a claim for reimbursement under ERISA. *See* 29 U.S.C. § 1132(e)(1) (providing that district courts of the United States have exclusive jurisdiction over civil action except those arising under (a)(1)(B) and (a)(7) for which there is concurrent jurisdiction with state courts). As such, a state court judgment has no preclusive effect on a plan's subsequent reimbursement claim. *See*

*Timm*, 98 F.3d at 973 (rejecting preclusion defense where insurer could not have asserted reimbursement claim in state court action).[3]

The Czarneckis' motion to dismiss lobs a few other, poorly developed arguments, which warrant little attention from the court. For example, without evidentiary support, the Czarneckis argue that the summons and original complaint were not properly served. (Mot. to Dismiss ('698 dkt. #12) ¶ 1.) Wausau Supply disputes this, pointing to affidavits of service indicating that they were served. (Pl.'s Opp'n ('698 dkt. #22) 4; Affidavits of Service ('698 dkt. ##16-20).) In their reply brief, the Czarneckis acknowledge that proper service occurred on November 21, 2013, approximately 45 days after the filing of the complaint. (Defs.' Reply ('698 dkt. #23) 6.) As such, dismissal is not warranted. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

In a one sentence conclusion lacking any explanation, argument or support, the Czarneckis also move to dismiss because the complaint "fails to state a claim on which relief may be given." (Mot. to Dismiss ('698 dkt. #12) ¶ 4.) While the court need not address undeveloped arguments, it will further note that plaintiff's response adequately describes the legal basis for its claim. (Pl.'s Opp'n ('698 dkt. #21) 13-14.) In addition,

---

[3] The Czarneckis' waiver claim fairs no better. Defendants fail to advance any argument or evidence that Wausau Supply "intentionally relinquished its known right to reimbursement." *Timm*, 98 F.3d at 974 ("To succeed on their waiver theory, the Timms must convince us that Unisys intentionally relinquished its known right to reimbursement.").

the Czarneckis state without development two other reasons for dismissal: (1) that Wausau Supply is not the real party in interest (Mot. to Dismiss ('698 dkt. #12) ¶ 2); and (2) that any relief has been "waived through the conduct of counsel of behalf of Wausau Supply." (*Id.* at ¶ 6.) Since both are addressed in the sections below, the court need not address them here, other than to find no basis for dismissing the '698 lawsuit.

### III. Motion to Supplement and Motion to Strike

In their motion to dismiss, the Czarneckis' take issue with the "conduct of counsel." (Mot. to Dismiss ('698 dkt. #12) 2.) In reply, the Czarneckis expound further on this basis for dismissal, representing that Wausau's counsel's conduct "to adduce an adjournment from October 31, to November 26, 2013, to allow him additional time was simply a ruse: behind the scenes, Mr. Lehrer was planning to file this separate lawsuit in the federal court and to attempt to remand on the state court matter." (Defs.' Reply ('698 dkt. #23) 7-8.) Not surprisingly, faced with that accusation, Wausau filed a motion for leave to submit a declaration from Attorney Lehrer, which responds directly to the Czarneckis' characterization of his actions and motivations.[4]

The court will grant Wausau's motion to supplement and deny the Czarneckis' motion to strike the declaration. As Attorney Lehrer explains in his declaration, the hearing in state court was postponed because of the Czarneckis' filing of a motion on October 21, 2013, less than twenty days before the scheduled hearing and in violation of

---

[4] Wausau Supply also sought to supplement the record to add communication from the Wisconsin Department of Health Services, which indicates that the State's subrogation claim has been settled. (Mot. to Suppl. ('698 dkt. #25) 2.)

the procedure set forth in Wis. Stat. § 802.08. (Declaration of Douglas W. Lehrer (dkt. #25-2) ¶ 7.) Thus, the hearing appears to have been delayed because of Czarneckis' filing of a brief, rather than to accommodate Attorney Lehrer or some other ruse by Wausau Supply or its attorney.

On the record before this court, there is *no* evidence to call into question the conduct of Wausau Supply or it counsel. Attorney Ryberg should tread cautiously in raising concerns about the ethics of opposing counsel. No doubt, having reached a settlement of the primary issue raised in the claim against the main defendants in the state action, the Czarneckis were disappointed by attempts to continue the litigation, much less to continue it in a different court. The fact that Wausau would assert its equitable lien in seeing reimbursement of medical payments under ERISA, and that such a claim would end up in federal court, however, should not have been a surprising move to the Czarneckis, or at least not to their counsel.

### IV. Motion to Substitute Party

In their motion to remand, the Czarneckis also challenges whether Wausau Supply Company has standing to pursue the '698 lawsuit, arguing that "WPS is the real party of interest," having "litigated this matter in state court for 19 months." (Mot. to Remand ('759 dkt. #2) 3.) Moreover, in its motion to dismiss, the Czarneckis also contend that "any claim for reimbursement has been assigned to the Claim Administrator which is WPS." (Mot. to Dismiss ('698 dkt. #12) ¶ 2.) In response to this challenge, Wausau Supply represents that it "is currently investigating whether WPS remains a real

14

party in interest such that it should be joined to substitute as a plaintiff." (Pl.'s Opp'n ('698 dkt. #21) 6.)[5]

Since that response, Wausau Supply has learned that *WPS* no longer has an interest in the litigation because the termination or non-renewal of the administrative services agreement between Wausau Supply and WPS took effect on December 31, 2012. (Affidavit of Christine M. Witherill ('759 dkt. #23) ¶ 14.) As such, the Plan's subrogation rights, which were assigned to WPS as part of that agreement, were revoked and reverted back to the Plan. (*Id.* at ¶¶ 13-14.) Based on this, Wausau Supply filed a motion pursuant to Fed. R. Civ. P. 25(c) to substitute itself as fiduciary of the Wausau Supply Company Employee Health and Welfare Benefit Plan and the Plan itself as subrogated defendants in the '759 action. (Mot. to Substitute ('759 dkt. #22).) While the Czarneckis filed an objection to the substitution, they fail to offer any credible basis for opposing. Instead, they simply reiterated the challenges to jurisdiction by this court, which has already been addressed above. Accordingly, the court will grant Wausau Supply's motions to substitute in both actions.

ORDER

IT IS ORDERED that:

1) defendants Neil Czarnecki, Kellie Murphy, K.C., Edmund Manydeeds, III, and Ryberg Law Firm, S.C.'s motion to dismiss ('698 dkt. #12) is DENIED;

---

[5] Even if Wausau Supply is not the proper party, dismissal would not be appropriate; rather, the court is required to allow "for the real party in interest to ratify, join or be substituted into the action." Fed. R. Civ. P. 17(a)(3).

2) Plaintiffs Neil Czarnecki, Kelli Murphy, A.B., C.D., and Edmund Manydeeds, III's motion to remand ('759 dkt. #2) is DENIED;

3) plaintiff Wausau Supply Company and defendant WPS Health Plan, Inc.'s motion to supplement information and declaration of counsel ('698 dkt. #25; '759 dkt. #12) is GRANTED;

4) the Czarneckis' motion to strike declaration of counsel ('698 dkt. #26; '759 dkt. #13) is DENIED;

5) WPS Health Plan Inc.'s motions to substitute party pursuant to Fed. R. Civ. P. 25(c) ('698 dkt. #35; '759 dkt. #22) are GRANTED and subrogated defendant WPS Health Plan Inc., is substituted by subrogated defendants Wausau Supply Company, in its capacity as fiduciary of the Wausau Supply Company Employee Health and Welfare Benefit Plan, and Wausau Supply Company Health Benefit Plan;

6) The clerk's office is directed to change the docket to reflect this substitution;

7) the Czarneckis' motions for hearing or oral argument ('698 dkt. #44; '759 dkt. #25; '759 dkt. #31) are DENIED AS MOOT; and

8) in the '759 lawsuit, the parties shall have until June 20, 2014, to brief whether (a) all claims except for the Czarneckis' claim for extinguishing Wausau Supply's equitable lien should be severed from this action and remanded to the Circuit Court for Jackson County, Wisconsin pursuant to 28 U.S.C. § 1441(c)(2); and (b) if so, whether the Czarneckis should be ordered to maintain $525,797.34 from any settlement proceeds in an escrow account pending adjudication of that remaining claim.

Entered this 6th day of June, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge